GEORGE M. PERRY, *Who Sues, etc. v.* T. H. NASH, PRESIDENT
CABELL COUNTY COURT *et al.*

(No. 9398)

Submitted September 22, 1942. Decided October 13, 1942.

W. H. Daniel, for petitioner.
*George I. Neal* and *Samuel Biern,* for respondents.

FOX, PRESIDENT:

In his petition seeking a peremptory writ of mandamus
directed to the sheriff and the members of the County
Court of Cabell County, the relator alleges a number of
matters that have no direct bearing nor relationship to

the prayer of his petition, so that in order to confine this discussion to the relief actually sought, we will look to the substance of the petition's prayer. The respondents filed their verified answer denying practically all of the allegations of fact contained in the petition, and the application having been submitted upon the petition, amended petition, the demurrer and answer thereto, the petitioner has abandoned those allegations upon which issue has been joined.

The prayer of the amended petition asks that the sheriff be required to file with the county court a monthly requisition for the cost of "all supplies of whatever kind necessary for the keeping and feeding of prisoners at the time confined in the jail of said Cabell County;—" and at the end of each month to file with the County Court an itemized statement of the cost of food and supplies, requiring the county court to purchase and furnish to the sheriff the requisitioned supplies for the month to follow. The sheriff had not been following that practice. The original petition prayed to have the payment to the sheriff by the county court confined to the actual cost allegedly provided for in Code, 7-7-12, as amended by Acts Ex. Sess. 1932, C. 18, treating the lump sum payment of forty-two cents a day for each prisoner expressly mentioned in that section as a maximum limit, and not as a set amount to be paid to the sheriff in any event.

We have examined with care the statutory provisions governing or relating to the feeding and keeping of prisoners, and have been unable to discover a provision covering the payment of the cost of feeding prisoners by county courts with the exception of that providing forty-two cents a day to be paid to the sheriff for each prisoner. It is plainly a matter of public expenditure within the entire control of the legislative department. It has been so accepted and treated by the general public for many years, and if there were an ambiguity in the wording of the act which would justify an examination of its legislative history for the purpose of placing a correct construction upon its language, that history would disclose that in

both 1932 and 1919 an amendment of the section in question which would confine the payment to the sheriff to the actual outlay for the food of prisoners, failed of adoption. In the two years mentioned, the journals of both houses disclose the progress of the amendment. The question has been publicly agitated over many years, and a thorough examination would probably show that a like effort has been made in other sessions, and had failed to progress to the point of requiring a journal record.

The section in question (Code, 7-7-12, as amended by Acts Ex. Sess. 1932, C. 18) does require that the sheriff file at the end of each month "an itemized statement showing each purchase and the cost thereof for keeping and feeding prisoners. Although the act contains no specific provision covering the use to which such a monthly statement may be put, the Legislature evidently so provided to the end that the information would be readily accessible to the public at large. The filing of a monthly expense account being an express statutory requirement, compliance with which is included in the prayer of the petition as a part of the relief sought, we feel that the peremptory writ should issue in part compliance with the prayer of the petition.

Since we are of the opinion that the primary purpose of this petition is to prevent the County Court from paying to the sheriff of Cabell County more than the actual cost of feeding prisoners, and to require the sheriff to draw his requisition upon the court for that amount only, the expense account is therefore only incidental to the ascertainment of the actual cost. Therefore, since the prayer to require the filing of the expense account is coupled with and made a part of the prayer to require the sheriff to file a monthly requisition for actual cost, which prayer has been partly refused, we are of the opinion that neither the relator nor the respondent has substantially prevailed. Therefore, no costs will be assessed.

*Writ refused in part; allowed in part.*